JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV -2 1982

PATRICIA D. HOWARD
CLERK OF THE PANEL

11/2/82

DOCKET NO. 517

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FLIGHT TRANSPORTATION CORPORATION SECURITIES LITIGATION

TRANSFER ORDER

This litigation presently consists of 21 actions pending in three federal districts: nineteen in the District of Minnesota and one each in the Northern District of Illinois and the Southern District of New York. The matter is before the Panel on a motion, pursuant to 28 U.S.C. §1407, brought by Drexel Burnham Lambert Incorporated and Moseley, Hallgarten, Estabrook & Weeden, Inc., defendants in a majority of the actions and plaintiffs in one action, to centralize actions in this litigation in the District of Minnesota for coordinated or consolidated pretrial proceedings.

The Panel finds on the basis of the papers submitted and the hearing held that the Minnesota actions and the Illinois action raise common questions of fact and that centralization of these actions in the District of Minnesota under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Minnesota actions and the Illinois action share numerous factual questions relating to alleged violations of various securities laws in connection with the offer and sale of Flight Transportation Corporation securities. Centralization of these actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

On the basis of the record before us, we are not persuaded that the New York action should be included in centralized pretrial proceedings under Section 1407. Although the New York action shares questions of fact with the other actions in this litigation, counsel for the plaintiff in the New York action has represented, at oral argument on this matter, that he can complete plaintiff's discovery in that action in 60 days. In reliance upon this representation, we conclude that transfer of the New York action to the District of Minnesota at this time would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

The District of Minnesota, where nearly all actions in this litigation are already pending, is clearly the most preferable transferee forum.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action entitled <u>Keystone Custodian Funds, Inc., etc. v. Drexel Burnham Lambert Inc.</u>, S.D. New York, C.A. No. 82 Civ. 4280 (RJW), be, and the same hereby is, DENIED.*

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Northern District of Illinois, be, and the same hereby is, transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Charles R. Weiner from the Eastern District of Pennsylvania, sitting in the District of Minnesota pursuant to an intercircuit assignment under 28 U.S.C. §292(d), for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

\*    Judge Sam C. Pointer, Jr. dissents from the Panel's ruling denying transfer of the New York action.

MDL-517 -- In re Flight Transportation Corporation Securities
Securities Litigation

      Northern District of Illinois

CNA Income Shares, Inc. v. Flight Transportation Corp., et al., C.A. No. 82C4168

      District of Minnesota

Caroline J. Bender, etc. v. Flight Transportation Corp., et al., C.A. No. 4-82-923

James J. Donohue v. Flight Transportation Corp., et al., C.A. No. 4-82-886

Drexel Burnham Lambert Inc., et al. v. Flight Transportation Corp., et al., C.A. No. 3-82-786

Andrew Goodman, etc. v. Flight Transportation Corp., et al., C.A. No. 4-82-1033

Robert L. Gold, et al. v. Flight Transportation Corp., et al., C.A. No. 3-82-1004

Emil Gotschlich, etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-790

Joan Gustafson, et al. v. Flight Transportation Corp., et al., C.A. No. 3-82-798

Joyce Hill, etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-815

Ronald Knuth v. Flight Transportation Corp., et al., C.A. No. 4-82-903

Denis A. Koltun, et al. v. Flight Transportation Corp., et al., C.A. No. 4-82-914

Stanley F. Koutek, etc. v. Flight Transportation Corp., et al., C.A. No. 4-82-898

Eugene Kreuzkemper, et al. v. Flight Transportation Corp., et al., C.A. No. 4-82-1403

Donald Miller, etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-822

Phyllis Miller v. Flight Transportation Corp., et al., C.A. No. 3-82-803

North American Investment Corp., et al., etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-77

Putnam High Yield Trust, et al. v. Flight Transportation Corp., et al., C.A. No. 4-82-1052

Maureen Schleiffer, etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-826

Richard I. Schwarzschild v. Flight Transportation Corp., et al., C.A. No. 4-82-888

Ann Seaver, etc. v. Flight Transportation Corp., et al., C.A. No. 3-82-853

      Southern District of New York

Keystone Custodian Funds, Inc., etc. v. Drexel Burnham Lambert Inc., C.A. No. 82 Civ. 4280 (RJW)